**REISSUED FOR PUBLICATION**
**JAN 3 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 11, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| HEATHER ROGERO and WALTER A. | * | |
| ROGERO, II, Friends of W.R., *a minor*, | * | |
| | * | |
| Petitioners, | * | No. 11-770V |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

## ORDER DENYING MOTION TO RECONSIDER AND MOTION TO REDACT[1]

On September 17, 2018, Heather Rogero and Walter A. Rogero, II ("petitioners") filed a motion to reconsider and a motion to redact the undersigned's Decision Awarding Attorneys' Fees and Costs ("Fees Decision") dated August 22, 2018 (ECF No. 207).[2] For the reasons discussed below, the undersigned denies petitioners' motions.

### I. Relevant Procedural History

On November 15, 2011, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program[3] ("the Program") on behalf of W.R., a minor. Petitioners

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] Petitioners had previously been granted an extension of time to file the motion to redact. Order dated Sept. 6, 2018 (ECF No. 208).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the

1

alleged that a series of vaccinations administered to W.R. on November 19, 2008, January 19, 2009, April 27, 2009, August 1, 2009, September 24, 2009, and May 4, 2010, caused a variety of neurodevelopmental and immunological injuries. Among these neurodevelopmental conditions, W.R. was diagnosed with autism spectrum disorder. On September 1, 2017, Special Master Hastings issued a decision finding that petitioners were not entitled to compensation. Entitlement Decision dated Sept. 1, 2017 (ECF No. 185). Petitioners filed a timely motion for review, which the Court of Federal Claims denied on January 11, 2018. Rogero v. Sec'y of Health & Human Servs., No. 11-770V, slip op. (Fed. Cl. Jan. 11, 2018). Petitioners' subsequent appeal to the Court of Appeals for the Federal Circuit was likewise dismissed on September 12, 2018. Rogero v. Sec'y of Health & Human Services, No. 18-1684, 2018 WL 4355990 (Fed. Cir. Sept. 12, 2018).

On February 9, 2018, petitioners filed a motion for attorneys' fees and costs, requesting compensation for the attorneys and law clerks who worked on their case. Petitioners' Motion ("Mot.") for Fees and Costs dated February 9, 2018 (ECF No. 196). The undersigned granted this motion in part, awarding $431,334.11 in fees and costs to petitioners and their attorneys. Fees Decision at 2. On September 17, 2018, petitioners filed a motion for reconsideration of the undersigned's decision awarding fees and costs. Mot. for Reconsideration dated Sept. 17, 2018 (ECF No. 210). Petitioners do not ask the undersigned to reconsider the fees or costs awards themselves. Instead, they articulate three primary objections to the Fees Decision and the Entitlement Decision:

- Petitioners claim that the following words from the Entitlement Decision, repeated in the Fee Decision, misstated their position: "Petitioners alleged that a series of vaccinations administered to W.R. on November 19, 2008, January 19, 2009, April 27, 2009, August 1, 2009, September 24, 2009, and May 4, 2010, caused . . ."

- Petitioners object to the use of the terms "neurodevelopmental injuries," "neurodevelopmental conditions," and "autism spectrum disorder" to describe W.R.'s condition.

- Petitioners' assert that the opinions of Dr. Megson, Dr. Deth, and Dr. Palevsky, their experts, were "portrayed differently than the actual record with subjective phrases in contradiction to the record." They also maintain that the decision "Conceded Two Experts Medical Theories."

Id. at 3-4.

The same day that they filed their motion for reconsideration, petitioners also filed a motion for redaction of the undersigned's Fees Decision. Mot. for Redaction dated Sept. 17, 2018 (ECF No. 211). Petitioners seek the redaction of information which, they allege,

---

National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1-34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

constitutes an invasion of privacy. Mot. for Redaction at 6 (citing Vaccine Rule 18(b)). Drawing on the tort doctrines of false light and invasion of privacy, they argue that their "Constitutional right . . . to not have false or misleading information made public" has been violated. Id. In short, petitioners allege that the undersigned's Fees Decision "quotes the false and legally wrong allegations of the [Entitlement] Decision." Id. at 1. Therefore, petitioners seek to redact this information both from the undersigned's Fees Decision and from Special Master Hastings' Entitlement Decision. Id. at 23. They also ask the undersigned to "set aside" the Entitlement Decision "for not applying the correct vaccine, injury and medical theory." Id. at 24.

Respondent filed a response to petitioners' motions on September 19, 2018. Respondent's (Resp.) Response dated Sept. 19, 2018 (ECF No. 212). Respondent asserts that "the primary purpose of [petitioners'] motion is not to seek redactions based on an asserted privacy interest in information contained in the Fee Decision, but rather to re-litigate the merits of their underlying claim for compensation." Id. at 1. Noting that the Court of Appeals for the Federal Circuit has affirmed the Entitlement Decision, he emphasizes that the undersigned is "not legally authorized to re-evaluate the merits of petitioners' underlying claim for Vaccine Act Compensation." Id. at 1-2. Petitioners filed a reply on October 1, 2018, arguing that the "erroneous science" in the Entitlement Decision required redaction and maintaining their position that the decision constituted "manifest injustice." Petitioners' Reply at 2, 4.

Although petitioners filed two separate motions addressing the Fees Decision, the motions assert many of the same arguments. Respondent's response, and petitioners' subsequent reply, also deal with both motions simultaneously. This Order will therefore address both motions.

## II. Discussion

### a. Motion for Reconsideration

Reconsideration of decisions issued pursuant to the Vaccine Act are governed by Vaccine Rule 10(e). "The special master has the discretion to grant or deny the motion [for reconsideration], in the interest of justice." Vaccine Rule 10(e)(3). This rule grants a special master significant discretion to determine in a particular case what result is "in the interest of justice." See Krakow v. Sec'y of Health & Human Servs., No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010); see also Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990) ("The decision whether to grant reconsideration lies largely within the discretion of the [trial] court.").

Neither of petitioners' motions express dissatisfaction with the fees or costs awarded by the undersigned. Rather, as respondent observed, both motions attempt to re-litigate the substantive controversies adjudicated by Special Master Hastings in his Entitlement Decision. The undersigned has no power to grant this relief. Vaccine Rule 23 allows an unsatisfied petitioner to file a motion for review with the Court of Federal Claims; if unsuccessful there, Vaccine Rule 32 allows appeal to the Court of Appeals for the Federal Circuit. As noted above, petitioners have already exhausted these options.

3

Additionally, the undersigned will address each of petitioners' primary objections in turn:

- Petitioners' filings confirm that W.R. did indeed receive vaccinations on each date listed in the Decisions. See Petitioners' Prehearing Memorandum ("Pet. Prehr'g Memo") dated Nov. 9, 2015 (ECF No. 131) at 7-18. Although petitioners initially alleged injury only from vaccines administered on November 19, 2008, their theory evolved substantially as litigation continued. See Petition at 1; Pet. Prehr'g Memo at 66; Entitlement Decision at 8 n.7. Therefore, the Decisions offer an accurate description of petitioners' allegations. See Entitlement Decision at 1; Fees Decision at 1.

- The undersigned uses the phrases "neurodevelopmental injuries," "neurodevelopmental conditions," and "autism spectrum disorder" because this language is used in the Entitlement Decision. See, e.g., Entitlement Decision at 1, 20, 36. As for whether these descriptions are accurate, the undersigned does not have the authority to re-litigate this question.

- The undersigned's characterization of the expert testimony in this case relies in part on Special Master Hastings' evaluation in the Entitlement Decision, which has been upheld by both the Court of Federal Claims and the Court of Appeals for the Federal Circuit. See Entitlement Decision at 28-40; Fees Decision at 5-9. Based on the Entitlement Decision, as well as her own review of the experts' reports and testimony, the undersigned does not find that her discussion of the experts in her Fees Decision was inaccurate or unfair. As for the Court's alleged concession of two of the experts' medical theories, the undersigned once again reiterates that such questions of causation were settled in the Entitlement Decision.

### b. Motion for Redaction

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." § 300aa-12(d)(4)(B). What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioners' "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011). While petitioners have an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr., Aug. 25, 2011).

Here, petitioners misconstrue the scope of the redactions contemplated by the Vaccine Act. Special masters frequently redact the names of minor vaccinees to display only initials, as the undersigned has done in this case. See Vaccine Rule 16(b); Order dated June 28, 2013 (ECF No. 40). However, petitioners request the redaction of allegations and alleged injuries as well as substantive opinions of the special master: the use of the phrase "neurodevelopmental disorder" to describe W.R.'s condition; the Court's interpretation of their experts' opinions; the characterization of W.R.'s condition as autism; and so on. See Mot. to Redact at 4, 9-10, 20. These substantive objections do not qualify as the "compelling reason, tailored to meet the individual interest it services," necessary to "overcome the presumption for public access." See Anderson v. Sec'y of Health & Human Servs., No. 08-396V, 2014 U.S. Claims LEXIS 641, at *18 (Fed. Cl. Spec. Mstr. June 4, 2014).

Petitioners' reliance on the tort doctrines of false light and invasion of privacy is also misplaced. Unlike in the tort context, the Vaccine Act "must . . . be construed in light of the traditional common law right of access to judicial opinions." Castagna, 2011 WL 4348135, at *4. The undersigned determines that Congress did not contemplate the imposition of tort principles in this circumstance so as to redact the information requested. See Anderson, 2014 U.S. Claims LEXIS 641, at *22-25 (chronicling "the difference in analyses under the Freedom of Information Act and the Vaccine Act").

To the extent that petitioners seek redactions of Special Master Hastings' Entitlement Decision, this request is untimely. Because they failed to submit a motion for redaction within 14 days of its issuance, petitioners forfeited their opportunity to seek redactions of that Decision. See Vaccine Rule 18(b).

### III. Conclusion

For the reasons discussed above, petitioners' motion for reconsideration and motion for redaction of the undersigned's Fees Decision are both **DENIED**.

**IT IS SO ORDERED.**

Dated: 12-11-2018

Nora Beth Dorsey
Chief Special Master