# In the United States Court of Federal Claims

No. 11-770V (Pro Se)
(Filed Under Seal: March 4, 2019 | Reissued: April 9, 2019)[*]

|  |  |
|---|---|
| HEATHER ROGERO and WALTER A. ROGERO, II. Friend of W.R., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Keywords: Motion for Relief from Judgment; RCFC 60(b). |

*Heather Rogero* and *Walter A. Rogero*, Mountain Home, AR, pro se.

*Voris E. Johnson, Jr.*, Senior Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Catharine E. Reeves*, Deputy Director, *C. Salvatore D'Alessio*, Acting Director, and *Joseph H. Hunt*, Assistant Attorney General, for Respondent.

## OPINION AND ORDER

**KAPLAN, Judge.**

The Court is in receipt of a submission from Petitioners Heather and Walter Rogero ("Petitioners" or "the Rogeros"), acting pro se, entitled "Petitioner's Motion Under RCFC 59" ("Motion"). The Court last ruled on this Vaccine Act case in January 2018, when it denied Petitioners' motion for review of the special master's decision denying compensation. In the interim, the court of appeals affirmed the Court's decision. Petitioners' Motion appears to contend that the Federal Circuit decision in this case provides support for their position that the special master erred when he denied compensation, notwithstanding that the court of appeals affirmed the decision of this Court denying the motion for review. See Motion at 1.

The Court observes that the Rogeros' time to file a motion for new trial, reconsideration, or to alter or amend a judgment pursuant to RCFC 59 elapsed on February 9, 2018—twenty-

---

[*] This opinion was previously issued under seal on March 4, 2019. The parties were given the opportunity to propose redactions on or before March 18, 2019. Because the only proposed redactions did not comply with Vaccine Rule 18(b), the Court reissues this opinion and order in its entirety.

eight days after judgment in this Court was entered on January 12, 2018 (Docket No. 195). Nonetheless, in consideration of Petitioners' pro se status, the Court will accept the Motion and construe it as a motion for relief from a judgment or order pursuant to RCFC 60. Because the Petitioners have not provided grounds that justify the extraordinary relief available under RCFC 60, however, their motion must be **DENIED**.

## BACKGROUND

The Rogeros filed their original petition for compensation on behalf of their then three-year-old son, W.R., on November 15, 2011. Docket No. 1. Although the Rogeros filed their petition acting pro se, they eventually retained counsel in March 2013. See generally Mot. for Entry of Appearance & Affidavit of Appointment, Docket No. 20. The Rogeros' petition alleged that vaccinations administered to W.R. during his early childhood were the cause-in-fact of several medical conditions from which he suffers, including autism spectrum disorder. See Dec. ("SM Dec.") at 47, Docket No. 185 (summarizing Petitioners' overall case theory after noting it was "not completely clear" what they were arguing). As previously summarized by this Court, "[s]everal of [Petitioners'] experts opined that W.R.'s autism was caused by trace amounts of aluminum found in his vaccines, to which W.R. was purportedly susceptible due to genetic and other factors." Order Denying Mot. for Review ("CFC Dec.") at 4, Docket No. 194.

Special Master Hastings held a six-day evidentiary hearing in February and March 2016. Following extensive post-hearing briefs, he issued a lengthy and detailed decision denying compensation. See generally SM Dec.; see also Public Dec., Docket No. 188.

Shortly after Special Master Hastings issued his decision, the case was reassigned to Chief Special Master Nora Beth Dorsey. Docket No. 186. The Rogeros subsequently filed a Motion for Review (Docket No. 189), which was assigned to the undersigned on October 2, 2017 (Docket No. 191). The Court sustained Special Master Hastings's decision on the basis that he "thoroughly examined the evidence before him, and determined, based on his assessment of the reliability and persuasiveness of that evidence, that the Rogeros had not demonstrated causation by a preponderance of the evidence." CFC Dec. at 11.

On March 8, 2018, once again acting pro se, the Rogeros filed a petition for review in the United States Court of Appeals for the Federal Circuit. Docket No. 203 at 4.[1] The court of appeals affirmed the decisions below on September 12, 2018, and the mandate issued on January 25, 2019. Docket Nos. 209, 219.

The Court received the present Motion on February 25, 2019. Styling the document as a motion "under RCFC 59" and Vaccine Rule 36 for "New Trial, Reconsideration; Altering or Amending a Judgment," the Rogeros assert that certain "findings" by the Federal Circuit "disrupted Special Master Hastings's incorrect factual allegations and medical theory he used on Althen denying compensation." Motion at 1. The Rogeros further allege that the Federal

---

[1] In February 2018, the Rogeros' counsel filed a motion to withdraw from the case with the Rogeros' consent (Docket No. 200). The Rogeros have since proceeded pro se, including at the court of appeals.

2

Circuit's "[a]cknowledgement of [certain] causation facts, proved there were no legitimate 'reliability' issue with Petitioner's expert reports or the Affidavits or testimony, revealing it was a harmful error with the special master's concession." Id. The Rogeros also assert that the special master "ignor[ed] the sufficient material facts of claim injury," "violated Federal Rules of Evidence [and other rules and statutes]," and made other errors. Id. at 2–3. The crux of the Rogeros' present Motion appears to be their assertion that the decisions ruling against them in this matter "are unsubstantiated and void" because the Court (and presumably the special master) made several alleged errors which "obligate[]" them "to set aside the Decision with Relief." Id. at 3. The remainder of the twenty-page Motion discusses the record evidence, alleges errors on the part of the adjudicators at each level of review, and concludes with the Rogeros' request for "relief [from] Judgment, [the special master's] Decision set aside, and due compensation rendered." Id. at 20.

## DISCUSSION

RCFC 60(b) states that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

RCFC 60(b). "A motion under RCFC 60(b) must be made within a reasonable time," and for motions based on the first three enumerated reasons, must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1).

"As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994) (citing 7 James W. Moore & Jo Desha Lucas, Moore's Federal Practice ¶¶ 60.18[8], 60.19 (2d ed. 1993)). At the same time, "[t]he United States Supreme Court has 'cautioned that the Rule should only be applied in extraordinary circumstances.'" Perry v. United States, 558 F. App'x 1004, 1006 (Fed. Cir. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)) (alterations omitted). Therefore, in ruling on a motion under RCFC 60(b), a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Hutchins v. Zoll Med.

3

Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851 (2d ed. 1995)).

Here, only reasons (4), (5), and (6) are available as potential grounds for the Rogeros' Motion because it was filed more than one year after the Court denied their motion for review on January 11, 2018.[2] The closest the Rogeros come to alleging any of these grounds is their assertion that the decisions ruling against them are "unsubstantiated and void" due to the purported errors set forth in the Motion. See Motion at 3. The Supreme Court has defined a "void" judgment for purposes of Fed. R. Civ. P. 60(b)(4) as "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).[3] "The list of such infirmities is exceedingly short." Id. The Court has explicitly stated that a judgment is not void "simply because it is or may have been erroneous." Id. (quotations and citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted); see also Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1084 (Fed. Cir. 1993) ("[I]t is well established that a judgment is void for purposes of 60(b)(4) only when the court that rendered the judgment lacked jurisdiction or failed to act in accordance with due process of law.").

Because the Rogeros have not alleged any "fundamental infirmity" beyond their ordinary assertions of error, they have not established that the previous judgment of this Court is void within the meaning of RCFC 60(b)(4). In particular, they have not alleged jurisdictional error, and although they make passing reference to due process rights (Motion at 20), the record in this case establishes that the Rogeros have not been deprived of "notice or the opportunity to be heard." See United Student Aid Funds, 559 U.S. at 271. As referenced above, the Rogeros have presented their case to the special master (including at a six-day evidentiary hearing), this Court, and the court of appeals.

Likewise, the Rogeros have neither argued nor shown any grounds for relief pursuant to RCFC 60(b)(5) or (6). While the Court is sympathetic to the Rogeros and appreciates that they firmly believe in the merits of their claims, the relief available pursuant to RCFC 60(b) does not encompass the right to relitigate one's case. For that reason, their Motion must be denied.

---

[2] For the sake of clarity, the Court observes that, to the extent the Rogeros wish to challenge the Federal Circuit's decision in the present Motion, the Court lacks the authority to afford relief from a judgment or order of the court of appeals. See Haddad v. United States, Nos. 15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015) (Rule 60 "only applies to judgments issued by our court.") (citing Carney v. United States, 199 Ct. Cl. 160, 162–64 (1972)).

[3] The language of Fed. R. Civ. P. 60(b) is essentially identical to that of RCFC 60(b).

## CONCLUSION

The Clerk of the Court is directed file Petitioners' Motion under seal on the docket in this case. Furthermore, for the reasons discussed above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge