# In the United States Court of Federal Claims

No. 11-770V (Pro Se)
(Filed Under Seal: April 9, 2019 | Reissued: April 26, 2019)[*]

| | |
|---|---|
| HEATHER ROGERO and WALTER A. ROGERO, II. Friend of W.R., a minor, ) ) ) ) Petitioners, ) ) v. ) ) SECRETARY OF THE DEPARTMENT OF ) HEALTH AND HUMAN SERVICES, ) ) Respondent. ) ) | Keywords: Motion for Relief from Judgment; RCFC 60(b); RCFC 60(d)(3). |

*Heather Rogero* and *Walter A. Rogero*, Mountain Home, AR, pro se.

*Voris E. Johnson, Jr.*, Senior Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Catharine E. Reeves*, Deputy Director, *C. Salvatore D'Alessio*, Acting Director, and *Joseph H. Hunt*, Assistant Attorney General, for Respondent.

## OPINION AND ORDER

**KAPLAN, Judge.**

Before the Court are two submissions received from pro se Petitioners Heather and Walter A. Rogero ("the Rogeros") in connection with this vaccine case concerning their son, W.R. First, the Court received on March 6, 2019 a submission styled alternatively as a motion for enlargement of pages, to correct the docket, for a supplemental pleading, and/or order of withdrawal ("motion to correct"). In substance, this document takes issue with the Court's decision to construe a March 4, 2019 motion which was styled as "Petitioner's Motion Under RCFC 59" ("the Rule 59 motion") as a motion for relief from judgment under Rule 60 of the Rules of the Court of Federal Claims ("RCFC"). See Docket No. 220.[1]

---

[*] This opinion was previously issued under seal on April 9, 2019. The parties were given the opportunity to propose redactions on or before April 23, 2019. Because the only proposed redactions did not comply with Vaccine Rule 18(b), the Court reissues this opinion and order in its entirety.

[1] Although it was construed as a motion filed pursuant to Rule 60, the Court will refer to the self-styled Rule 59 motion as "the Rule 59 motion" in order to avoid confusion with the Rule 60 motion received on March 21, 2019.

The Clerk of the Court shall file this document under seal on the docket for this case. For the reasons set forth below, the motion shall be **DENIED-IN-PART** to the extent it requests correction or withdrawal of the Court's previous order. The motion will also be **DENIED as moot** to the extent it seeks permission to file a successive Rule 60 motion, because the Rogeros do not need the Court's approval on this front. Finally, the motion shall be **GRANTED-IN-PART** to the extent that it seeks permission to exceed applicable page limits.

Second, the Court is in receipt of the Rogeros' "Combined Redaction Response and RCFC 60 Motion for Relief of Judgment Pursuant to 60(b) & (d) Grounds" ("the Rule 60 motion") with an attached appendix and explanatory letter. The Clerk of the Court shall also file this submission under seal on the docket. For the reasons discussed below, this Rule 60 motion shall be **DENIED**. In addition, because the Rogeros have not requested any redactions permitted by the governing rules, the Court's previous opinion (Docket No. 222) shall be reissued in full as a public document.

## DISCUSSION

### I. The Rogeros' Objection and Motion to Correct as to the Court's March 4, 2019 Opinion and Order

In the March 6 submission that is currently before the Court, the Rogeros object to the Court's decision to construe their Rule 59 motion as a motion filed under RCFC 60. The Rogeros explain that they deliberately filed their March 4, 2019 motion under Rule 59 and intended to reserve their right to later seek relief pursuant to Rule 60. They therefore request that the Court allow an enlargement of pages, correct the docket, allow a supplemental pleading, and/or allow them to withdraw their previous motion.

The Court treated the Rogeros' Rule 59 motion as a motion under RCFC 60 because the time for filing a Rule 59 motion seeking reconsideration of this Court's January 12, 2018 decision was expired. The Court has the discretion to treat an untimely Rule 59 motion as a motion for relief from judgment under Rule 60(b). See Piotrowski v. United States, No. 13-760C, 2015 WL 1651610, at *2 (Fed. Cl. Apr. 10, 2015) (citing Mendez v. United States, No. 11–160C, 2014 WL 2772590, at *1 (Fed. Cl. June 18, 2014), aff'd, No. 2014–5116, 2015 WL 106585 (Fed. Cir. Jan. 8, 2015) (treating an untimely Rule 59(a) motion as a Rule 60(b) motion); Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991) (stating that an untimely Rule 59(e) motion is properly considered a Rule 60(b) motion under the Federal Rules of Civil Procedure)).

The Rogeros appear to believe that their previous Rule 59 motion was timely, however, because it was filed within twenty-eight days after the mandate was issued by the Federal Circuit in the Rogeros' appeal. See Motion to Correct at 3–4. But as the Court explained in its previous order, the Rogeros' time to file a Rule 59 motion with respect to any ruling of this Court elapsed on February 9, 2018, which was twenty-eight days after this Court entered judgment on January 12, 2018. Docket No. 222 at 1. The Rogeros cannot file a timely Rule 59 motion in this Court now (and could not have when they filed their previous Motion) on the basis of the mandate issued in the Federal Circuit, because this Court "lacks the authority to afford relief from a judgment or order of the court of appeals." Id. at 4 n.2. And although the Rogeros accurately state in their later-filed Rule 60 motion that the entry denoting the mandate of the Federal Circuit

references a "judgment," relief as to that judgment would have to come from the Federal Circuit through a petition for rehearing or the Supreme Court of the United States through a petition for a writ of certiorari.[2]

The motion to correct is also animated by the Rogeros' stated intent to preserve their right to file a future Rule 60 motion, which they have now done. See Motion to Correct at 5–6. But the Court's decision to construe the Rogeros' previous motion as one brought under Rule 60 rather than Rule 59 does not prevent them from filing a subsequent Rule 60 motion. Mora v. Sec'y of Health & Human Servs., 673 F. App'x 991, 997 (Fed. Cir. 2016) ("[A] litigant can bring successive Rule 60(b) motions."). In other words, the relief the Rogeros have requested is unnecessary to preserve their right to file such a motion.

Accordingly, because the Court permissibly construed the Rogeros' Rule 59 motion as one filed under Rule 60, the motion to correct is **DENIED-IN-PART** to the extent that it requests that the Court correct the docket and/or withdraw its previous order. The motion is **GRANTED-IN-PART** to the extent the Rogeros requested to file additional pages with their subsequently filed Rule 60 motion. Finally, the motion to correct is **DENIED as moot** to the extent the Rogeros have requested permission to file a successive Rule 60 motion, because case law clearly affords them this right without the Court's approval.

## II. The Rogeros' Rule 60 Motion

The Court has reviewed and carefully considered the Rogeros' lengthy Rule 60 motion, which was received on March 21, 2019. Although the Rogeros have couched their objections in the language of RCFC 60, in substance they are asking the Court to revisit the merits of the Special Master's decision because they continue to believe that it was unfair and incorrect. For the reasons set forth below, the Rogero's arguments do not provide an adequate basis for granting their motion for relief under Rule 60.

As previously set forth in the Court's March 4 order, RCFC 60(b) states that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons:

(1)  Mistake, inadvertence, surprise, or excusable neglect;

(2)  Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3)  Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  The judgment is void;

---

[2] The Rogeros did, in fact, file a petition for rehearing in the Federal Circuit that was denied on January 18, 2019. Accordingly, they have the right to file a petition for a writ of certiorari with the Supreme Court until April 18, 2019. See Sup. Ct. R. 13.

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

RCFC 60(b).

"As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994) (citing 7 James W. Moore & Jo Desha Lucas, Moore's Federal Practice ¶¶ 60.18[8], 60.19 (2d ed. 1993)). At the same time, "[t]he United States Supreme Court has 'cautioned that the Rule should only be applied in extraordinary circumstances.'" Perry v. United States, 558 F. App'x 1004, 1006 (Fed. Cir. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)) (alterations omitted). Therefore, in ruling on a motion under RCFC 60(b), a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851 (2d ed. 1995)).

As noted in the Court's March 4 order, motions seeking relief under RCFC 60(b)(1), (2), or (3) must be filed within one year from the date of the judgment at issue. RCFC 60(c)(1). Because the Rogeros filed their motion more than one year after the Court denied their motion for review on January 11, 2018, they may not rely on RCFC 60(b)(1), (2), or (3).

Under RCFC 60(c)(1), a motion based on Rule 60(b)(4) or (6) must be filed within a "reasonable" time. Id.[3] Here, the Rogeros' motion to vacate this Court's judgment and remand to the Special Master was not filed within a reasonable time. To the contrary, it was filed more than a year after this Court's decision and after the Rogeros had already unsuccessfully pursued relief in the court of appeals, including an unsuccessful petition for rehearing.

In any event, even assuming that the Court were to find that the Rogeros' motion under RCFC 60(b)(4) and (b)(6) was filed within a reasonable time period, it lacks merit. First, the Supreme Court has defined a "void" judgment for purposes of Fed. R. Civ. P. 60(b)(4) as "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).[4] "The list of such infirmities is exceedingly short." Id. A judgment is not void "simply because it is or may have been erroneous." Id. (quotations and citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted); see also Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1084 (Fed. Cir. 1993) ("[I]t is well established that a judgment is void for

---

[3] The Rogeros have not claimed that Rule 60(b)(5) can be invoked as an avenue for relief.

[4] The language of Fed. R. Civ. P. 60(b) is essentially identical to that of RCFC 60(b).

purposes of 60(b)(4) only when the court that rendered the judgment lacked jurisdiction or failed to act in accordance with due process of law.").

In their motion, the Rogeros repeatedly assert that they seek relief based on due process process principles. They contend that Special Master Hastings failed to comprehend or accurately describe their legal theory or to give adequate consideration to their proffered evidence. They also accuse the Court, the Special Master and the government of "misrepresenting" various facts and principles of law with which they disagree. These kinds of arguments, however, do not support a claim under RCFC 60(b)(4) because they do not show that the Rogeros suffered "a violation of due process that deprive[d them] of notice or the opportunity to be heard." United Student Aid Funds, Inc., 559 U.S. at 271. The Rogeros had ample opportunity to be heard when the case was before the Special Master, and while they are dissatisfied with the results, it is clear to the Court that the Special Master gave careful consideration to their arguments. In addition, the Rogeros pursued two rounds of review of the Special Master's decision, one before this Court and one in the court of appeals.

The Rogeros also contend that Special Master Hastings's alleged errors constitute a "manifest injustice" and warrant relief under Rule 60(b)(6). "A movant is entitled to relief under Rule 60(b)(6)—the 'catch-all' provision—if 'such action is appropriate to accomplish justice' and only in 'extraordinary circumstances.'" CEATS, Inc. v. Cont'l Airlines, Inc., 755 F.3d 1356, 1361 (Fed. Cir. 2014); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002) ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)."). Although the Court has no doubt that the Rogeros' circumstances have involved significant hardships and difficulties, their arguments do not support the existence of the kind of "extraordinary circumstances" required to obtain relief under RCFC 60(b)(6). Instead, they are seeking to relitigate claims that the Special Master—whose decision was affirmed by both this Court and the court of appeals—already decided lacked merit.

To the extent that the Rogeros also argue that relief is appropriate under RCFC 60(d)(3) based on "fraud on the court," they misapprehend the nature of this ground. Because RCFC 60 also contains a fraud-related provision at (b)(3), courts narrowly construe the "fraud on the court" provision found at (d)(3). See Broyhill, 12 F.3d at 1085. "Fraud on the court is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Gravelle v. Kaba Ilco Corp., — F. App'x —, 2018 WL 6444470, at *2 (Fed. Cir. Dec. 10, 2018) (internal citation, quotations, and alterations omitted). The Rogeros have not made any allegations sufficient to invoke this provision.

In sum, and as the Court has noted previously, the Rogeros have presented their case to Special Master Hastings in a six-day hearing and in voluminous briefs, have requested and received review of the Special Master's decision in this Court, and have also had their case reviewed—and petition for rehearing denied—by the court of appeals. Rule 60 relief is not available as a means to relitigate claims that have already been decided; if it were, then no decision would ever be final. Accordingly, the Rogeros' second Rule 60 motion must be **DENIED**.

5

### III. The Rogeros Have Not Proposed Redactions

The Court's March 4 opinion and order was issued under seal, and requested redactions were due from the parties by March 18, 2019. See Docket Text for Entry No. 222. Although the Rogeros styled their Rule 60 motion as a combined motion and "Redaction Response," the only redactions proposed therein are alterations to the Court's previous order, changing the language to match the Rogeros' precise characterizations of their claims, legal theories, and view of the case. Because the Rogeros have not proposed redactions consistent with the provisions of Vaccine Rule 18(b), the entire opinion and order shall be made public. See Vaccine Rule 18(b)(2).

### CONCLUSION

The Clerk shall file all of the Rogeros' recent submissions under seal on the docket for this case.

To the extent the Rogeros have moved to vacate or otherwise amend the Court's March 4 opinion and order, their motion is **DENIED-IN-PART**. To the extent they have requested additional pages for their Rule 60 motion, their motion is **GRANTED-IN-PART.** And to the extent the Rogeros have requested the Court's permission to file their second Rule 60 motion, the request is **DENIED as moot** because the Court's permission is not required.

For the reasons discussed above, the Rogeros' second Rule 60 motion is **DENIED**.

**IT IS SO ORDERED.**

s/ EDK
ELAINE D. KAPLAN
Judge